| | |
|---|---|
| 1 | ROBERT H. SLOSS, SBN 87757 |
| 2 | robert.sloss@procopio.com<br>VICTOR M. FELIX, SBN 179622 |
| 3 | victor.felix@procopio.com<br>PROCOPIO, CORY, HARGREAVES & |
| 4 |    SAVITCH LLP<br>1117 California Ave., Suite 200 |
| 5 | Palo Alto, CA  94304 |
| 6 | Telephone: 650.645.9000<br>Facsimile:  619.235.0398 |
| 7 | |
| 8 | DANIEL E. YONAN (*pro hac vice* to be filed)<br>Email: dyonan@sternekessler.com |
| 9 | MICHAEL E. JOFFRE (*pro hac vice* to be filed)<br>Email: mjoffre@sternekessler.com |
| 10 | NIRAV N. DESAI (*pro hac vice* to be filed)<br>Email: ndesai@sternekessler.com |
| 11 | STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.<br>1100 New York Avenue, N.W. |
| 12 | Washington, D.C. 20005<br>Telephone: 202-371-2600 |
| 13 | Facsimile: 202-371-2540 |
| 14 | Attorneys for Plaintiff<br>JUUL LABS, INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**_____ DIVISION**

| | |
|---|---|
| JUUL LABS, INC., a Delaware corporation, | Case No. |
| Plaintiff, | **PLAINTIFF JUUL LABS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT** |
| V. | |
| ZIIP LAB CO., LTD., a Chinese corporation; ZLAB S.A., a Uruguayan corporation; SHENZHEN YIBO TECHNOLOGY CO., LTD., a Chinese corporation; THE ELECTRIC TOBACCONIST, LLC, a Colorado corporation, | **DEMAND FOR JURY TRIAL**<br><br>Complaint filed: October 3, 2018 |
| Defendants. | |

COMPLAINT FOR PATENT INFRINGEMENT           Case No.

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Juul Labs, Inc. ("Juul" or "Plaintiff") files this Complaint against Ziip Lab Co., Ltd. ("Ziip China"), ZLab S.A. ("Ziip Labs"), Shenzhen Yibo Technology Co., Ltd. ("Yibo"), and The Electric Tobacconist, LLC ("Electric Tobacconist") (collectively "Defendants") and alleges as follows:

## NATURE OF THIS ACTION

1. This is a civil action arising out of Defendants' patent infringement in violation of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285.

## PARTIES

2. Juul is a privately-held corporation organized and existing under the laws of Delaware, having a principal place of business at 560 20th Street, San Francisco, CA 94107.

3. Ziip China is a Chinese corporation with its principal place of business at E district 4F, 5 building, Wen Ge Industrial Zone, Heshuikou, Gongming St., Guangming New District, Shenzhen City, Guangdong Province, China 518106.

4. Ziip Labs is an Uruguayan corporation with its principal place of business at Ave. Golero, 911 Office 27, Punta del Este – Maldonado – Uruguay, 20100.

5. Yibo is a Chinese corporation with its principal place of business at 1F-4F, 3rd Building, Laowei, Tiantou Community Pingshan Sub-District, Pingshan New District Shenzhen City, Guangdong Province China 518118.

6. Electric Tobacconist is a Colorado corporation with its principal place of business at 3235 Prairie Avenue, Boulder, CO 80301.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Juul's patent-infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Ziip China at least because, on information and belief, Ziip China has purposefully imported the accused Ziip devices and pods, as well as Plus Pods, into California, made those products available for sale through an established distribution chain (including the www.electrictobacconist.com website and the

www.pluspods.com website), and Juul's cause of action for patent infringement arises out of these activities. See Ex.1 [print out of Ziip devices and pods on electrictobacconist website]; Ex. 2 [shipping information from Electric Tobacconist Website]; Ex.3 [receipt of Ziip device]; See Ex. 4 [print out of Plus Pods on www.pluspods.com]; Ex. 5 [shipping information from www.pluspods.com].

9. This Court has personal jurisdiction over Ziip Labs at least because, on information and belief, Ziip Labs has purposefully imported the accused Ziip devices and pods, as well as Plus Pods, into California, made those products available for sale through an established distribution chain (including the www.electrictobacconist.com website and the www.pluspods.com website), and Juul's cause of action for patent infringement arises out of these activities. See Ex. 1 [print out of Ziip devices and pods on electrictobacconist website]; Ex. 2 [shipping information from Electric Tobacconist Website]; Ex. 3 [receipt of Ziip device]; See Ex. 4 [print out of Plus Pods on www.pluspods.com]; Ex. 5 [shipping information from www.pluspods.com].

10. This Court has personal jurisdiction over Yibo at least because, on information and belief, Yibo has purposefully imported the accused Ziip devices and pods, as well as Plus Pods, into California, made those products available for sale through an established distribution chain (including the www.electrictobacconist.com website and the www.pluspods.com website), and Juul's cause of action for patent infringement arises out of these activities. See Ex. 1 [print out of Ziip devices and pods on electrictobacconist website]; Ex. 2 [shipping information from Electric Tobacconist Website]; Ex. 3 [receipt of Ziip device]; See Ex. 4 [print out of Plus Pods on www.pluspods.com]; Ex. 5 [shipping information from www.pluspods.com].

11. This Court has personal jurisdiction over Electric Tobacconist at least because Electric Tobacconist has purposefully distributed the accused Ziip devices and pods into California, made those products available for sale through an established distribution chain (including the www.electrictobacconist.com website), and Juul's cause of action for patent infringement arises out of these activities. See Ex. 1 [print out of Ziip devices and pods on electrictobacconist website]; Ex. 2 [shipping information from Electric Tobacconist Website].

12. Venue is proper for ZiiP China, Yibo, and Ziip Labs in this District under 28 U.S.C. § 1391(b)(3) at least because no other venue is proper, ZiiP China, Yibo, and Ziip Labs have committed acts of infringement in this District, and this Court has personal jurisdiction over Ziip China, Yibo, and Ziip Labs. *Atlantic Marine Construction Co. v. United States District Court for the W.D. of Texas*, 571 U.S. 49, 57 (2013) ("The statute thereby ensures that so long as a federal court has personal jurisdiction over the defendant, venue will always lie somewhere.").

## INTRADISTRICT ASSIGNMENT

13. This is an Intellectual Property Action subject to district-wide assignment in accordance with Civil Local Rule 3.2(c).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,070,669

14. Juul re-alleges and incorporates by reference Paragraphs 1-13 above, as if fully set forth herein.

15. On September 11, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,070,669, entitled "Cartridge for Use with a Vaporizer Device," to inventors James Monsees, Adam Bowen, Nichols Jay Hatton, Steven Christensen, Kevin Lomeli, Ariel Atkins, and Aaron Keller. The '669 patent issued from U.S. Application No. 15/820,370, filed November 21, 2017. There are no fees currently due with respect to the '669 patent.

16. The '669 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '669 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '669 patent is valid and enforceable. A true and correct copy of the '669 patent is attached as Exhibit 6.

17. Juul virtually marks its products with the appropriate patent numbers, including the '669 patent.

18. On information and belief, Ziip China, Ziip Labs, Yibo, and Electric Tobacconist manufacture, use, import, distribute, offer to sell, and/or sell in the United States the Ziip devices and pods, as well as Plus Pods, that infringe the '669 patent under 35 U.S.C. § 271(a). Specifically, the Ziip devices and pods, as well as Plus Pods, infringe claims 1, 2, 4, 5, 7-9, 12,

13, 16, 17, 20, and 21 of the '669 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. Exemplary claim charts for the Ziip devices and pods, as well as Plus Pods, are attached as Exhibits 7 and 8.

19. By their actions, Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringement of the '669 patent has irreparably harmed Juul. Unless Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

20. By their actions, Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringement of the '669 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringing acts.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,058,130**

21. Juul re-alleges and incorporates by reference Paragraphs 1-20 above, as if fully set forth herein.

22. On August 28, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,058,130, entitled "Cartridge for Use with a Vaporizer Device," to inventors James Monsees, Adam Bowen, Nichols Jay Hatton, Steven Christensen, Kevin Lomeli, Ariel Atkins, and Aaron Keller. The '130 patent issued from U.S. Application No. 15/813,089, filed November 14, 2017. There are no fees currently due with respect to the '130 patent.

23. The '130 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '130 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '130 patent is valid and enforceable. A true and correct copy of the '130 patent is attached as Exhibit 9.

24. Juul virtually marks its products with the appropriate patent numbers, including the '130 patent.

25. On information and belief, Ziip China, Ziip Labs, Yibo, and Electric Tobacconist manufacture, use, import, distribute, offer to sell, and/or sell in the United States the Ziip devices

and pods, as well as Plus Pods, that infringe the '130 patent under 35 U.S.C. § 271(a). Specifically, the Ziip devices and pods, as well as Plus Pods, infringe claims 1, 2, 4-10, 16, 19, 21, and 27 of the '130 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. Exemplary claim charts for the Ziip devices and pods, as well as Plus Pods, are attached as Exhibits 10 and 11.

26. By their actions, Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringement of the '130 patent has irreparably harmed Juul. Unless Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

27. By their actions, Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringement of the '130 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringing acts.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,045,568**

28. Juul re-alleges and incorporates by reference Paragraphs 1-27 above, as if fully set forth herein.

29. On August 14, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,045,568, entitled "Vaporization Device Systems and Methods," to inventors James Monsees, Adam Bowen, Nichols Jay Hatton, Steven Christensen, Kevin Lomeli, and Ariel Atkins. The '568 patent issued from U.S. Application No. 15/832,749, filed December 5, 2017. There are no fees currently due with respect to the '568 patent.

30. The '568 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '568 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '568 patent is valid and enforceable. A true and correct copy of the '568 patent is attached as Exhibit 12.

31. Juul virtually marks its products with the appropriate patent numbers, including the '568 patent.

32. On information and belief, Ziip China, Ziip Labs, Yibo, and Electric Tobacconist manufacture, use, import, distribute, offer to sell, and/or sell in the United States the Ziip devices and pods, as well as Plus Pods, that infringe the '568 patent under 35 U.S.C. § 271(a). Specifically, the Ziip devices and pods, as well as Plus Pods, infringe claims 1-3, 5-9, 12, and 17-20 of the '568 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. Exemplary claim charts for the Ziip devices and pods, as well as Plus Pods, are attached as Exhibits 13 and 14.

33. By their actions, Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringement of the '568 patent has irreparably harmed Juul. Unless Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

34. By their actions, Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringement of the '568 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringing acts.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,076,139**

35. Juul re-alleges and incorporates by reference Paragraphs 1-34 above, as if fully set forth herein.

36. On September 18, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,076,139, entitled "Vaporizer Apparatus," to inventors James Monsees, Adam Bowen, Steven Christensen, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The '139 patent issued from U.S. Application No. 15/257,760, filed September 6, 2016. There are no fees currently due with respect to the '139 patent.

37. The '139 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '139 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '139 patent is valid and enforceable. A true and correct copy of the '139 patent is attached as Exhibit 15.

38. Juul virtually marks its products with the appropriate patent numbers, including the '139 patent.

39. On information and belief, Ziip China, Ziip Labs, Yibo, and Electric Tobacconist manufacture, use, import, distribute, offer to sell, and/or sell in the United States the Ziip devices and pods that infringe the '139 patent under 35 U.S.C. § 271(a). Specifically, the Ziip devices and pods infringe claims 1-4, 9-11, 13, 14, 19-21, 24, 28, and 29 of the '139 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Ziip devices and pods is attached as Exhibit 16.

40. By their actions, Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringement of the '139 patent has irreparably harmed Juul. Unless Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

41. By their actions, Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringement of the '139 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringing acts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Ziip China, Ziip Labs, Yibo, and Electric Tobacconist as follows:

A. That Ziip U.S., Ziip China, Ziip Uruguay, Yibo, and all of their subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and their heirs, successors and assigns, and all persons acting in concert or participation with Ziip China, Ziip Labs, Yibo, and Electric Tobacconist and each of them, be immediately enjoined and restrained, preliminarily and permanently, without bond, from manufacturing, distributing, selling or offering to sell in the United States or importing into the United States products infringing the claims of the patents-at-issue; and deliver to Plaintiff all products that infringe the patents-at-issue;

B. A judgment by the Court that Ziip China, Ziip Labs, Yibo, and Electric

Tobacconist have infringed U.S. Patent Nos. 10,070,669; 10,058,130; 10,045,568; and 10,076,139;

C.   An award of damages for infringement of U.S. Patent Nos. 10,070,669; 10,058,130; 10,045,568; and 10,076,139 together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Ziip China's, Ziip Labs', Yibo's, and Electric Tobacconist infringement, as provided by 35 U.S.C. § 284;

D.   A determination that this case is "exceptional" under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E.   That any monetary award includes pre- and post-judgment interest at the highest rate allowed by law;

F.   For costs of suit; and

G.   For such other or further relief as the Court deems just and proper.

Dated: October 3, 2018

PROCOPIO, CORY, HARGREAVES
& SAVITCH LLP

/s/ *Robert H. Sloss*
Robert H. Sloss
Victor M. Felix
PROCOPIO, CORY, HARGREAVES
  & SAVITCH LLP
1117 California Ave., Suite 200
Palo Alto, CA 94304
Telephone: 650.645.9000
Facsimile: 619.235.0398

Daniel E. Yonan (*pro hac vice* to be filed)
dyonan@sternekessler.com
Michael E. Joffre (*pro hac vice* to be filed)
mjoffre@sternekessler.com
Nirav N. Desai (*pro hac vice* to be filed)
ndesai@sternekessler.com
STERNE, KESSLER, GOLDSTEIN &
  FOX P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202-371-2600
Facsimile: 202-371-2540

Attorneys for Plaintiff JUUL LABS, INC.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury of any issues triable of right by a jury.

Dated:  October 3, 2018                    PROCOPIO, CORY, HARGREAVES
                                                                 & SAVITCH LLP

      /s/ *Robert H. Sloss*
      Robert H. Sloss
      Victor M. Felix
      PROCOPIO, CORY, HARGREAVES
       & SAVITCH LLP
      1117 California Ave., Suite 200
      Palo Alto, CA 94304
      Telephone:  650.645.9000
      Facsimile:   619.235.0398

      Daniel E. Yonan (*pro hac vice* to be filed)
      Michael E. Joffre (*pro hac vice* to be filed)
      Nirav N. Desai (*pro hac vice* to be filed)
      STERNE, KESSLER, GOLDSTEIN &
       FOX P.L.L.C.
      1100 New York Avenue, N.W.
      Washington, D.C. 20005
      Telephone: 202-371-2600
      Facsimile:  202-371-2540

      Attorneys for Plaintiff
      JUUL LABS, INC.

COMPLAINT FOR PATENT INFRINGEMENT                    Case No.